Dear Mr. DeCuir:
On behalf of the University of Louisiana System (the "System"), you have requested the opinion of this office concerning a student self-assessed fee at Northwestern State University (the "University").
As you advised, on November 17, 1998, pursuant to authorization from the Board of Trustees of the University of Louisiana System, the student body at the University adopted a resolution authorizing the assessment of a $75.00 per semester fee, fall and spring, for students on the Natchitoches campus enrolled for 5 or more hours, and for students enrolled in 7 or more hours during the summer term (the "Fee"). The revenues from the Fee will be used solely to finance renovations and operations of the student wellness, recreation and activity center. The Fee is to be used as security for a $6.85 million revenue bond issue.
As you noted, a student self-assessed fee is a means by which students at a university campus may request that a referendum be held in which students will vote on whether or not to assess such a fee for services to be provided. The university must obtain the permission of its management board and students then must obtain authority from its own body before such a fee is implemented. In this situation, all staff, faculty, guests or exempted students not so assessed will be charged for use of the facility. The facility will not be used for any academic purpose, nor will any classes be conducted in the facility.
Your question concerns the applicability to the Fee of Article VII, Section 2.1 of the Louisiana Constitution of 1974, as amended, which requires that any state agency seeking to increase or establish a new fee or fine must have such approved by a two-thirds vote of the elected members of each house of the legislature.
Article VII, Section 2.1(A) of the Louisiana Constitution states:
 (A) Any new fee or civil fine or increase in an existing fee or civil fine imposed or assessed by the state or any board, department, or agency of the state shall require the enactment of a law by a two-thirds vote of the elected members of each house of the legislature.
Atty. Gen. Op Nos. 98-373 and 96-353 have addressed the applicability of the above constitutional provision to certain fees contemplated by the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College. Those opinions addressed fees described as "amounts charged by the `auxiliary and self-generated operations of the University, such as for food services, bookstore merchandise, medical or veterinary services, student housing, and admittance to extracurricular events'." Atty. Gen. Op 98-353 defined the word "fee," as it is used in the above quoted constitutional article, as "a charge for the services of a public official or a privilege under the control of government." It went on to state that "charges which are assessed by a governmental entity for the purpose of defraying the costs of providing a governmental service or the costs of regulating a particular area would be considered fees."
Atty. Gen. Op. 96-353 concluded that the Louisiana State University System was created and exists for the sole purpose of providing public higher education to the citizens of this State. Therefore, only "those charges which are assessed for the provision of higher education to LSU students would be considered fees for purposes of Article VII, Section 2.1." As the charges addressed in that opinion were not for this activity, they should not be considered "fees" under this Article.
The Fee contemplated here by the University does not appear to be a charge for the provision of higher education to University students; the facility will be not be used for any academic purpose; and no classes will be conducted in the facility. The Fee, therefore, would not be considered within the definition of the word "fee" as used in Article VII, Section 2.1, and therefore, in the opinion of this office, the Fee could be imposed without a two-thirds vote of the Louisiana legislature.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _____________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH